**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CCL LABEL, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LASER BAND LLC, and )<br>ZEBRA TECHNOLOGIES, INC., )<br>)<br>Defendants. ) | **COMPLAINT**<br><br>Civil Action No. 1:15-cv-00378<br><br>JURY TRIAL DEMANDED |

CCL Label, Inc. ("CCL"), for its Complaint against defendants Laser Band LLC and Zebra Technologies, Inc. (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action commenced pursuant to the United States Patent Act, 35 U.S.C. § 101 et seq., including 35 U.S.C. § 271.

2. CCL's claims arise out of Defendants' making, using, offering to sell, and/or selling infringing products.

**PARTIES**

3. CCL is a Massachusetts corporation having its place of business at 685 Howard Street, Buffalo, New York 14206.

4. Upon information and belief, Laser Band LLC ("Laser Band") is a Missouri company having a principal place of business at 120 S. Central Avenue, St. Louis, Missouri 63105.

5. Upon information and belief, Zebra Technologies, Inc. ("Zebra") is an Illinois corporation having a principal place of business at 475 Half Day Road, Suite 500, Lincolnshire, Illinois 60069.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the United States Patent Act, 35 U.S.C. § 101 et seq.

7. This Court has personal jurisdiction over the Defendants. On information and belief, Defendants have committed acts of infringement in this District and regularly do and solicit business in this District.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1400(b) because, among other reasons, Defendants are subject to personal jurisdiction in this District and have committed acts of infringement in this District.

## THE ASSERTED PATENTS

9. CCL adopts and incorporates by reference the paragraphs set forth above and realleges them as though set forth herein.

10. CCL is the sole owner of United States Patent No. 6,016,618, entitled "Laminated Article" and duly issued on January 25, 2000 (the "'618 patent") by the United States Patent and Trademark Office.

11. The '618 patent was issued to Omar Attia, Blaine Jackson, Andre Saint, and Brett Ulrich and assigned to Avery Dennison Corporation ("Avery"). Plaintiff became the sole owner of the '618 patent by an assignment from Avery to CCL in 2013.

12. CCL is the sole owner of United States Patents No. 6,517,921, entitled "Laminated Card Assembly" and issued on February 11, 2003 (the "'921 patent"), and No. 6,159,570, entitled "Laminated Card Assembly" and issued on December 12, 2000 (the "'570 patent") by the United States Patent and Trademark Office.

13. The '921 and '570 patents were issued to Brett Ulrich, Blaine Jackson, William Becker, Omar Attia, and Andre Saint and assigned to Avery. CCL became the sole owner of the '921 and '570 patents by an assignment from Avery to CCL in 2013.

## BACKGROUND

14. The '618 patent is directed to a laminated article to provide a laminated identification band or wristband.

15. The '921 patent is directed to an assembly for a laminated identification element.

16. The '570 patent is directed to an assembly for creating a laminated identification printable sheet.

17. Defendants manufacture, offer for sale, and/or sell numerous wristbands under the "LB2" product designation ("LB2 Products"), including but not limited to: LB2-ADULT-L2; LB2-ADULT-Z; LB2-PED-L2; LB2-BABY-L2; LB2-BABY-L; LB2-ADULT-L3; LB2-ADULT-L3Z; LB2-PED-L3; and LB2-102W3.

## COUNT I

### (Infringement of the '618 patent by Defendants)

18. CCL realleges each and every one of the foregoing paragraphs 1 to 17 of this Complaint.

19. CCL have directly infringed by making, using, offering for sale, selling, and/or importing in the United States, including this District without authority or license from CCL,

printable patient identification wristband products under their own brand names, which infringes the '618 patent.

20. Laser Band and Zebra have contributed to the infringement by others of the '618 patent by selling or offering for sale to third parties, and/or by having others make products covered by the '618 patent, which are known by Laser Band and Zebra to be especially made or especially adapted for use in the infringement of the '618 patent and are not staple articles or commodities suitable for substantial, non-infringing use.

21. Laser Band and Zebra have actively induced and are currently inducing the infringement of the '618 patent in violation of 35 U.S.C. § 271(b) by knowingly and intentionally encouraging or aiding third parties to make or use products covered by the claims of the '618 patent.

22. CCL has been damaged by Defendants' infringement of the '618 patent.

23. Defendants' infringement of the '618 patent has caused irreparable harm and injury.

24. Defendants' infringement of the '618 patent is in direct violation of CCL's rights under 35 U.S.C. § 271 to exclude others from making, using, selling, and/or offering for sale products embodying the invention of the '618 patent.

25. The infringement by Defendants, set forth herein, has been and continues to be willful.

26. CCL has no adequate remedy at law.

27. CCL will continue to suffer irreparable harm unless an injunction is issued enjoining Defendants from infringing the '618 patent.

28. Unless enjoined by this Court, Defendants will continue to infringe the '618 patent.

## COUNT II

### (Infringement of the '921 patent by Defendants)

29. CCL realleges each and every one of the foregoing paragraphs 1 to 28 of this Complaint.

30. Defendants have directly infringed by making, using, offering for sale, selling, and/or importing in the United States, including this District without authority or license from Plaintiff, printable patient identification wristband products under their own brand names, which infringes the '921 patent.

31. Laser Band and Zebra have contributed to the infringement by others of the '921 patent by selling or offering for sale to third parties, and/or by having others make products covered by the '921 patent, which are known by Laser Band and Zebra to be especially made or especially adapted for use in the infringement of the '921 patent and are not staple articles or commodities suitable for substantial, non-infringing use.

32. Laser Band and Zebra have actively induced the infringement of the '921 patent in violation of 35 U.S.C. § 271(b) by knowingly and intentionally encouraging or aiding third parties to make or use products covered by the claims of the '921 patent.

33. CCL has been damaged by Defendants' infringement of the '921 patent.

34. The infringement by Defendants, set forth herein, has been and continues to be willful.

35. Defendants' infringement of the '921 patent has caused irreparable harm and injury.

36. Defendants' infringement of the '921 patent is in direct violation of CCL's rights under 35 U.S.C. § 271 to exclude others from making, using, selling, and/or offering for sale products embodying the invention of the '921 patent.

37. CCL has no adequate remedy at law.

## COUNT III

### (Infringement of the '570 patent by Defendants)

38. CCL realleges each and every one of the foregoing paragraphs 1 to 37 of this Complaint.

39. Defendants have directly infringed by making, using, offering for sale, selling, and/or importing in the United States, including this District without authority or license from Plaintiff, printable patient identification wristband products under their own brand names, which infringes the '570 patent.

40. Laser Band and Zebra have contributed to the infringement by others of the '570 patent by selling or offering for sale to third parties, and/or by having others make products covered by the '570 patent, which are known by Laser Band and Zebra to be especially made or especially adapted for use in the infringement of the '570 patent and are not staple articles or commodities suitable for substantial, non-infringing use.

41. Laser Band and Zebra have actively induced the infringement of the '570 patent in violation of 35 U.S.C. § 271(b) by knowingly and intentionally encouraging or aiding third parties to make or use products covered by the claims of the '570 patent.

42. CCL has been damaged by Defendants' infringement of the '570 patent.

43. The infringement by Defendants, set forth herein, has been willful.

44. Defendants' infringement of the '570 patent has caused irreparable harm and injury.

45. Defendants' infringement of the '570 patent is in direct violation of CCL's rights under 35 U.S.C. § 271 to exclude others from making, using, selling, and/or offering for sale products embodying the invention of the '570 patent.

46. CCL has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, CCL respectfully prays that the Court enters a judgment for CCL against Defendants, awarding the following:

a. A judicial determination and declaration that each of the Defendants infringe the '618, '921, and '570 patents;

b. An injunction preliminarily and permanently enjoining Defendants, their respective directors, officers, agents, employees, distributors, and all persons acting in privity, concert or participation with any of the foregoing, from further acts of infringement of the '618, '921, and '570 patents;

c. Damages resulting from Defendants' infringement of the '618, '921, and/or '570 patents;

d. An assessment of interest on damages;

e. A declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of costs, expenses and fees, including reasonable and necessary attorneys' fees; and

f. Other relief as this Court deems just and equitable.

DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues triable to a jury.

                                                       Respectfully submitted,

Dated:   April 29, 2015                   s/ Matthew J. Cavanagh
                                                     Matthew J. Cavanagh
                                                     McDonald Hopkins LLC
                                                     600 Superior Avenue, East, Suite 2100
                                                     Cleveland, Ohio 44114
                                                     t 216.348.5730 │ f 216.348.5474
                                                     mcavanagh@mcdonaldhopkins.com

                                                   *Counsel for CCL Label, Inc.*